UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEREK DEYOUNG,

    Plaintiff,

v.

JOHN DOES 1-10,

    Defendants.

_____/

CASE No. 1:20-CV-549

HON. ROBERT J. JONKER

## ORDER

Plaintiff Derek DeYoung filed a complaint for trademark and copyright infringement, and related state law claims, against "Does 1-10." Plaintiff says he cannot identify the Does right now but believes they are in Vietnam and that they market their infringing products to customers in the United States. Plaintiff wants a TRO against the unidentified Does, including a freeze on any of their assets in the hands of third party payment servicers such as PayPal, and expedited discovery in an effort to figure out who the Does actually are. Plaintiff also wants to file all the papers he has submitted so far under seal.

Under FED. R. CIV. P. 65(b), the Court may issue a temporary restraining order without notice only if the Court finds that "specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition[,]" and "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."  In this Court's view, the record does not yet support the sweeping relief plaintiff seeks. Plaintiff seeks entry of a 14-page TRO and asset freeze injunction against unidentified parties believed to be in a foreign country (Vietnam), and property that may belong to these unidentified parties in the hands of third-party

providers. Based on the papers submitted, plaintiff says he has been able to do this in other cases, including one in this Court with a different judicial officer.[1] Furthermore, as plaintiff's own papers demonstrate, even with broad early relief in the other case, the alleged infringements continued. This suggests that with or without the sweeping ex parte relief, this kind of counterfeiting is likely to continue until plaintiff can actually identify one or more of the persons involved.

The Court understands the frustration for anyone who believes they have legitimate claims for relief, and who feels like playing "whack a mole" is a poor substitute for legal relief. However, in all but the most unusual situations, courts do not freeze assets and enter TROs first, and then try to figure out whose property and conduct is actually being enjoined so those parties have a chance to respond later. The normal process is to identify the parties first, provide notice as appropriate and then enter appropriate relief. In fact, pre-judgment seizures of cash in the hands of a third party may well be unconstitutional. *Cf. Grupo Mexicano de Desarrollo S.A. v. All. Bond Fund, Inc.*, 527 U.S. 308 (1999).[2]

Rule 10(a) of the Federal Rules of Civil Procedure requires the plaintiff to include the names of the parties in the action. The use of fictitious names is permitted only in limited circumstances, and only in the context where there is at least one named party and discovery from

---

[1] In fact, that case file is considerably different. It included specifically named identified parties in an original complaint. The TRO requested was extensive, but not nearly so much as the one requested here. Moreover, actual defendants were served with papers within about a week of filing, and counsel appeared for actual defendants within about eighteen days of filing. Here there is no prospect of identifying, much less notifying, any real parties any time soon.

[2] The Court understands that plaintiff seeks an accounting under Section 35(a) of the Lanham Act, and that this could potentially support some pre-judgment freeze if the Court is persuaded that it is necessary, appropriate and equitable. But without even knowing who the players are, how much of what they do is potentially legitimate and non-infringing and how the quantum of any potential diversion of counterfeit sales compares to plaintiff's own revenue stream, the Court is not well positioned to make that kind of judgment. *Cf. Art Ask Agency v. Individuals, Corps., Ltd. Liab. Cos., P'ships, & Unincorporated Ass'ns Identified on Schedule A Hereto*, Case No. 1:20-cv-1666 (N.D. Ill. Mar. 18, 2020) (Doc. 31).

that party may eventually allow the true identity of the unknown parties. *See, e.g.*, *Berndt v. Tennessee*, 796 F.2d 879, 882-94 (6th Cir. 1986) (remanding to allow plaintiff to amend complaint to name the parties); *Odum v. Knox Cnty.*, No. 89-5987, 1990 WL 57241, at *1 (6th Cir. 1990) (complaint contained sufficient facts for the named defendants to discover the correct defendant with minimal investigation); *see also Gossett v. Stewart*, Case No. CV 08-2120-PHX-DGC (ECV), 2008 WL 5145589, at *2-*3 (D. Ariz. Dec. 8, 2008) (noting that "the use of anonymous type appellations to identify defendants is not favored"). The Court notes that the other case from this Court that plaintiff identifies, *DeYoung v. BGroup, Ltd.*, Case No. 1:20-cv-51 (W.D. Mich. filed Jan. 20, 2020), identified several named defendants. The Court believes there are other distinguishing factors in that case as well, including the extent of the requested demands on third parties. In any event, without at least one real and identifiable defendant, the Court will not enter the expansive relief plaintiff requests.

Here the Court is ready and willing, as it has done in other cases, to authorize early and expedited discovery directed to third party service providers, or other internet platforms or sources of information, so that plaintiff can endeavor to identify the actual persons involved. *See, e.g., Malibu Media, LLC v. John Does 1-31*, Case No. 1:12-cv-616, 297 F.R.D. 323 (Aug 13, 2012). But that is as far as the Court is prepared to go on the present record. The Court is also not willing to proceed on a sealed record. Civil litigation is presumptively public. Moreover, plaintiff is already publicly proceeding in one case involving Vietnamese and other Southeast-Asian Defendants, so its interest in shutting down the counterfeiting from this region is not a secret. Moreover, the parties that will be asked to bear the logistical burden of the litigation in the short term are third parties who happen to supply services to the target defendants. These third parties should, in fairness, know what the dispute is all about.

Accordingly, plaintiff's ex parte motion to seal (ECF No. 2) and motion for ex parte TRO (ECF No. 1) are denied.  Plaintiff's ex parte motion to file an oversized brief (ECF No. 4) is granted.

**IT IS SO ORDERED.**

Dated:     June 17, 2020              /s/ Robert J. Jonker
                                                     ROBERT J. JONKER
                                                     CHIEF UNITED STATES DISTRICT JUDGE