UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEREK DEYOUNG,

    Plaintiff,

v.

JOHN DOES 1-10,

    Defendants.

_____/

CASE No. 1:20-CV-549

HON. ROBERT J. JONKER

## **ORDER**

Plaintiff moves for expedited discovery and for authority to serve process by e-mail. (ECF No. 11). The motion follows the Court's Order denying a request for an Ex Parte TRO. (ECF No. 10). In that Order, the Court indicated it stood ready to authorize limited expedited discovery targeting efforts to identify the actual persons behind various internet addresses. The Court has done this in hundreds of cases using protocols similar to those referenced in the one *Malibu Media* case referenced in the earlier Order.

What plaintiff has asked for here by way of expedited discovery does not follow the *Malibu Media* approach, and does not permit the Court to evaluate proposed limited and targeted third party discovery to entities that might have identifying information on the actual persons that should be named as defendants in this case. Rather, plaintiff seeks authorization to send subpoenas to "Defendants' domain name registrars . . . to obtain the name, address, email address, and other contact information maintained by these providers for Defendants." (ECF No. 11, Exhibit 11-7 at PageID.576). The problem is that this is a circular request because it presumes everyone already knows who the defendants are. But the whole point of the discovery is to uncover those identities

by obtaining identifying information associated with particular internet domains or addresses. Plaintiff will have to identify the particular addresses on which he seeks information from a particular third-party subpoena target, and why the particular request makes sense, so the Court can evaluate it. It's admittedly a slow and tedious process, but the Court believes it is what the Rules require, and it is the process the Court has followed in other similar situations.

The request for alternate service of process is premature. Even when a plaintiff has been able to identify and name real persons, as opposed to John Does, the Court does not ordinarily grant permission for alternate service of process without a detailed record of failed attempts to serve process as normally required by Rule. For foreign defendants, this may also require requests for formal waiver under to Rule 4(d). *See, e.g., Herman Miller, Inc., v. Interior Icons (Doe 1) and Does 2-10*, Case No. 1:20-cv-312-RJJ (W.D. Mich.), Order Denying Alternate Service and Granting Expedited Discovery, ECF No. 12 (May 1, 2020). For foreign defendants in Hague Convention countries, it may require formal efforts to follow the Convention. *See, e.g., Alticor, Inc. v. Mingzhong Wang*, Case No. 1:19-cv-1098-RJJ (W.D. Mich.), Order Denying Alternate Service, ECF No. 10 (Feb. 28, 2020); *Magna Mirrors of America, Inc., v. Samvardhana Motherson Reflective Group Holdings Limited,* Case No.1:17-cv-77-RJJ (W.D. Mich.), Order Denying Alternate Service, ECF No. 44 (June 23, 2017). In any event, even with strictly domestic defendants, some record of reasonable attempts to secure normal service of process is normally necessary before the Court will authorize alternative service. *See, e.g., Florence Associates, L.P., v. Kastil, et al*., Case No. 1:14-cv-191-RJJ (W.D. Mich.), Order Denying Alternate Service, ECF No. 11, at PageID.131 (June 5, 2014) ("The Court is unlikely to find that Plaintiff has made the required showing for alternative service of process without demonstrating at least some reasonable,

on-the-ground, efforts to serve these Defendants where they evidently live and work in Southwest Michigan.").

Accordingly, plaintiff's motion (ECF No. 11) is **DENIED** on the present record. The Court also **DENIES** plaintiff's *Ex Parte* Motion for re-assignment, (ECF No. 9), because the Court is not satisfied this case qualifies as a related or cognate case under the Local Court Rule. As the Court noted in its earlier Order, (ECF No. 10), the Court sees considerable differences between this case and the earlier one that had brief life in this Court before a different Judicial Officer.

**IT IS SO ORDERED.**

Dated:   July 17, 2020             /s/ Robert J. Jonker
                                   ROBERT J. JONKER
                                   CHIEF UNITED STATES DISTRICT JUDGE